UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America )| |
| ) | |
| v.         ) | USDC No. 21-cr-543-03 (CRC) |
| ) | |
| Loruhamah Yazdani-Isfehani, *defendant*.   ) | |

MOTION TO MODIFY SENTENCE

Defendant, through undersigned counsel Nathan I. Silver, II, Esq. ("counsel"), appointed by this Court under the Criminal Justice Act, respectfully moves the Court to modify defendant's sentence, specifically the condition that permits the defendant to possess in her residence a firearm during the two-year period of probation the Court imposed as the defendant's sentence in this case.

The Court during the pretrial period lifted the restriction on firearms possession, though not on other weapons or destructive devices, upon motion of the defendant and without opposition from the government. (ECF Minute Order, April 5, 2022)  The Court at sentencing ordered that the defendant may possess during probation a firearm on the same condition (i.e., in her residence).

The defendant seeks the Court's permission for her to possess a firearm, as needed, without restriction to the residence.  The principal and stated rationale for the restriction in these cases is concern for the safety of court officers, whether through a Pretrial Services Agency or U.S. Probation, who might need to make home visits during the period of pretrial supervision.[1]  It is not to protect the public at large.

---

[1] That rationale has not been eliminated, because a probation officer might wish to make a home visit while the defendant is on probation (e.g., during the initial processing or if the defendant were to change her address).  However, the defendant, who lives with her partner, a police officer, keeps the weapon secured and would not pose a danger to such a visitor.

The defendant possesses a concealed carry permit issued by Ohio, her state of residence.[2] She was vetted during the application process and found eligible. Further, she has taken, as she previously represented, training in firearms use and safety.

The defendant has twice been the victim of assaults. Both occurred outside of the places in which she was residing at the time. It was largely because of those assaults that the defendant decided to legally obtain a firearm and a concealed carry permit, to prevent herself from being victimized by future violence. Protecting herself in her home was a secondary consideration. It happened that in the instant case, defendant's need for a firearm was based on her residing in a rural location, often alone late at night while her partner, a police officer, was not at home. During those times, the defendant would care for her partner's children who frequently visit the home.

The defendant may lawfully carry a firearm in the state of Ohio. Her concern is that she will not have available for a two-year period a firearm for her protection at those times and in those places outside the home where she feels she needs to have it to protect herself.

The defendant is determined to comply with the Court's conditions. The irony is that under the sentence as imposed, the defendant would be violating her probation by possessing a firearm outside the home while not violating the law of her jurisdiction.[3], [4]

---

[2] Ohio has now eliminated the requirement of a permit for the concealed carry of firearms in the state, so long as one is not a prohibited person under state or federal law. Its elimination of the permit requirement went into effect on June 13, 2022, about two months after the Court relaxed the restriction in the instant case.

[3] Under Ohio law, revised on June 13, 2022, certain misdemeanor convictions (like those in the federal code under 18 U.S.C. §922(g), prohibit one from the concealed carry of a firearm. A cursory review of the statute seems to indicate that being on probation itself (for a misdemeanor) does not interfere with one's right under Ohio law to carry a concealed firearm. (*See* Ohio Revised Code, §2923.12, "Carrying Concealed Weapons.")

[4] For example, were the defendant stopped for a traffic infraction and notified the officer, as Ohio law requires, that she has a concealed weapon, she would be in violation of her probation but not Ohio law. That could lead to a revocation of probation, in which case she would face up to six (6) months of imprisonment on resentencing.

The defendant has always appreciated the Court's trust that she would abide by the modification of her release condition and not pose a danger to others.  The defendant honored that trust.  And the defendant acknowledges the Court's exercise of its plenary powers in fashioning reasonable conditions of probation.[5]

The defendant pledges that, should the Court grant this request, she will act responsibly in possessing a firearm during her period of probation, just as she had while this case was pending and, indeed, since she first obtained her permit in Ohio to carry a concealed weapon.

 The defendant, through counsel, has provided a copy of the instant motion to the government and has also left a voicemail message for asst. U.S. Brittany LaShaune Reed.  Not having received a response, the defendant makes no representations regarding the government's position..

A proposed Order is attached.

WHEREFORE, the defendant moves the Court to grant said relief.

This pleading is,

Respectfully submitted,

/s/

NATHAN I. SILVER, II
Unified Bar #944314
6300 Orchid Drive
Bethesda, MD 20817
(301) 229-0189 (direct)
(301) 229-3625 (fax)
email: nisquire@aol.com

---

[5] The defendant does not present factors that might warrant continuing the restriction of carrying a concealed weapon, such as a history of drug abuse, alcohol abuse or mental illness.  Had she, it is inconceivable that the Court would have relaxed the firearms restriction when the defendant sought a modification early in this case.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served via ECF on Brittany Reed, Esq., U.S. Dept. of Justice - USAO-District of Louisiana, this 15th day of November, 2022.

/s/
_____
*Nathan I. Silver, II*